We have considered the exceptions raised by the Appellant Lawrenson and find no merit in them.

The judgment of the Court below is affirmed.

Affirmed.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Appellee,**

v.

**Charles E. LAWRENSON, Appellant.**

**No. 8471.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1962.

Decided Jan. 11, 1962.

Charles E. Lawrenson, pro se.

William O. Doub and Ronald T. Osborn, Baltimore, Md., for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

PER CURIAM.

This is a civil action growing out of the robbery of the Mechanicsville Branch of the County Trust Company of Maryland of $28,037.00 on September 4, 1959. Plaintiff Subrogee of the Bank seeks to recover a portion of the stolen money which was taken by the F.B.I. from the Defendant's possession on September 6, 1959. The facts are set forth at length in the opinion in the case of United States v. Lawrenson, 298 F.2d 880, decided January 9, 1962, by this Court.

**I. Jay GREEN and Beatrice F. Green, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14612.**

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1962.

his wife had residence with his mother-in-law, who owned the property, at Greenville, Ohio, some 40 miles from Dayton, Ohio. Mrs. Green worked at Sears, Roebuck and Company in Dayton and commuted, Mr. Green maintained a small office in Greenville in his mother-in-law's home. His entire business for the years in question was in Dayton, Ohio where he utilized telephone answering services and places for receiving mail. His stationery and cards, in the main, listed Dayton, Ohio as his headquarters for business. During each year in question he spent 300 days in Dayton, traveling otherwise for which he did get deductions, and was at his residence a very few days. His whole activities in business and his places of lodging and eating during these years were in Dayton—only incidentally was he in Greenville. He claims the expenses for board and lodging in Dayton as deductions.

The subsection of Internal Revenue Code relied upon by petitioners concerns deductions for traveling expenses which include meals and lodging. Traveling connotes moving from place to place and the deductions are for transportation expense and meals and lodging while so traveling. Mr. Green was in Dayton all the period of time for which he claims deductions. The evidence reveals that his business headquarters in Dayton was indefinite and indeterminate. His situation is not within the concept of the allowable deductions for traveling expense. Commissioner v. Flowers, 326 U.S. 465, 66 S. Ct. 250, 90 L.Ed. 203; Peurifoy v. Commissioner, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30.

In any event we decide this case in the same manner and to the same extent as decisions from a district court in a trial without a jury. [26 U.S.C.A. § 7482].

From the undisputed facts, the Tax Court ruled that the petitioners were not entitled to deductions for the years in question for traveling expense under said section 162(a) (2) of the Internal Reve-

Charles W. Slicer, Dayton, Ohio, for petitioners.

Edward L. Rogers, Dept. of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, Dept. of Justice, Washington, D. C., on brief), for respondent.

Before CECIL and WEICK, Circuit Judges, and DARR, District Judge.

PER CURIAM.

The petitioners seek to overturn a judgment of the Tax Court which sustained the respondent in his determination of deficiencies in petitioners' joint income tax for the calendar years 1954 and 1955.

The question involves deductions for traveling expense as provided by section 162(a) (2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a) (2).

The facts were not disputed and the Tax Court made clear findings.

Mr. Green was self-employed as an industrial engineer consultant and he and

nue Code of 1954, 26 U.S.C.A. § 162(a) (2).

The factual findings of the Tax Court must stand unless "clearly erroneous." This rule applies to factual inferences from undisputed basic facts. Commissioner v. Duberstein, 363 U.S. 278, 80 S. Ct. 1190, 4 L.Ed.2d 1218.

We conclude that the findings of the Tax Court were not clearly erroneous.

The judgment of the Tax Court is affirmed.