**Walter HAM, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 18591.**

United States Court of Appeals
Sixth Circuit.

March 21, 1969.

Robert S. Brown, Cincinnati, Ohio, Brant & Hild, by Joseph A. Brant, Cincinnati, Ohio, on brief for appellant.

Stanley Ruby, Department of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, William A. Friedlander, Attorneys, Department of Justice, Washington, D. C., on brief; Robert M. Draper, U. S. Atty., Cincinnati, Ohio, of counsel, for appellee.

Before WEICK, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The only question in this appeal is whether taxpayer, a pipefitter, who lived in Amelia, Clermont County, Ohio, is en-

titled to a deduction under Section 162 (a) (2) of the Internal Revenue Code of 1954, for expenses incurred for lodging, meals and travel, in 1961, when he was employed in construction work in Lexington, Kentucky.

His employer's place of business was Cincinnati, Ohio, where taxpayer was employed in 1957. He was asked by his employer to go to Lexington to work on a job there. Taxpayer agreed to go because he did not wish to incur the displeasure of his employer and risk losing his job. While working in Lexington, his employer was successful bidder on a number of other jobs there and taxpayer worked there for about four years, staying in a motel and returning home on weekends.

The District Judge made the following finding of fact:

"Mr. Ham was sent to Lexington by his employer and when he originally went, it was the opinion that he would be there temporarily for a year. Due to circumstances over which he had no control, this period was extended because his employer bid successfully on other construction jobs, but the taxpayer never knew from day to day or week to week when and if he would be transferred back to Cincinnati, the employer's home base, even though he knew approximately how long each job would take to complete."

The District Judge further found that during the early part of taxpayer's four years' stay in Lexington "his presence there may have been temporary. But by 1961 the absence from his home was not only indefinite but very substantial." The Court concluded that his employment in Lexington was indefinite and the maintenance of his home in Amelia was not required by the exigencies of his business but was motivated by his personal convenience.

The rule in Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S. Ct. 250, 90 L.Ed. 203 (1946) applies. See also Peurifoy v. Commissioner of Internal Revenue, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958); Green v. Commissioner of Internal Revenue, 298 F.2d 890 (6th Cir. 1962). Burns v. Gray, 287 F.2d 698 (6th Cir. 1961) is inapposite. Ham was engaged in his regular work in Lexington and was not in the pursuit of business there.

We regard the question in this case as to whether the expenses are deductible as one of fact. There was substantial evidence to support the findings of fact of the District Court and they are not clearly erroneous.

Affirmed.