**Francis J. MARKEY and Hazel L. Markey, Petitioners-Appellees.**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

**No. 73–1170.**

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1973.

Decided Jan. 22, 1974.

Joseph M. McManus, Tax Div., Dept. of Justice, for respondent; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Francis J. Markey, pro se.

Before WEICK, EDWARDS and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This appeal from a judgment of the United States Tax Court requires us to decide whether a subjective or objective test should be applied to ascertain the location of a taxpayer's home for the purpose of travel and lodging expenses deducted as ordinary and necessary business expenses incurred while away from home. We hold that the subjective test employed by the Tax Court was incorrect and, therefore, reverse.

The facts of the case are not disputed. From 1931 until his retirement in 1965, taxpayer was an employee of the General Motors Corporation and worked in

Dayton, Ohio. During this time, he maintained a residence in Lewisburg, Ohio, a community approximately 20 miles from Dayton. After his retirement, taxpayer continued to live in Lewisburg where he established a sole proprietorship, Creekview Enterprises, through which he offered his services as a consulting and development engineer and light manufacturer. Creekview Enterprises consists of an office and a machine shop.

In 1966, taxpayer and General Motors entered into an agreement under which taxpayer would use the General Motors Technical Center in Warren, Michigan, to develop patentable automobile safety devices. Profits derived from the patents would be divided equally between taxpayer and General Motors. Pursuant to this agreement, General Motors paid approximately $1,000 per month to taxpayer, filed a Form W–2 on his behalf, and withheld part of his earnings for federal income taxes. In the course of his employment at General Motors, in 1967 and 1968, taxpayer spent five days each week for 50 weeks each year in Warren, Michigan, and commuted to Lewisburg, Ohio each weekend to attend to his other enterprises. Taxpayer did not perform consulting services for anyone but General Motors in 1967 and 1968. Taxpayer continued to work in Warren at the General Motors Technical Center at least until 1972.

According to taxpayer, his weekend trips from Warren to Lewisburg were required by his many investments there. These investments included Creekview Enterprises for which he reported no gross receipts for 1967 and 1968, and expenses of $666.40 in 1967 and $384 in 1968, producing a net operating loss each year; two farms for which he reported gross receipts of $1,673.66 in 1967 and $1,710.83 in 1968, and expenses of $2,076.03 and $3,111.54 in 1967 and 1968 respectively, producing a net operating loss each year; and several apartments, houses and business rooms from which he received rental income of $12,706 in 1967 and $13,270 in 1968 and, after deducting expenses for each year, produced a net gain of $2,515 and $3,091 for 1967 and 1968 respectively. In addition, taxpayer was also the secretary of a Lewisburg bank and a member of its finance committee, positions that required his attendance at meetings for which he received small fees.

On his federal income tax returns for each of the tax years 1967 and 1968, taxpayer deducted approximately $5,000 for travel between Warren and Lewisburg and for meals and lodging while he was in Warren on the theory that because his home was in Lewisburg these expenses were business expenses incurred while he was "away from home" within the meaning of section 162(a)(2) of the Internal Revenue Code of 1954, 26 U.S.C. § 162(a)(2).

When the Internal Revenue Service conducted an audit of taxpayer's returns for the years 1967 and 1968, it disallowed these deductions because it regarded Warren, Michigan, not Lewisburg, Ohio, as taxpayer's home for the purpose of determining whether his traveling expenditures were business expenses incurred while away from home. However, the Commissioner did allow taxpayer to deduct $612 for both 1967 and 1968 under section 212, as expenses relating to the production of income.[1] The expenses allowed were for travel between Warren and Lewisburg twelve times each year, the number of trips that the Commissioner determined were

---

1. Section 212 of the Internal Revenue Code of 1954, 26 U.S.C. § 212, provides in relevant part:

Expenses for Production of Income.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income; [or]

(2) for the management, conservation, or maintenance of property held for the production of income . . . .

necessary to enable taxpayer to manage his business enterprises in Lewisburg.

Taxpayer appealed the Commissioner's decision to the United States Tax Court. That court found that "[t]he determining factor . . . is that . . . [taxpayer's] business interests in Lewisburg *were more important to him* than those in Warren and required his presence in Lewisburg for some time in each week," and agreed with taxpayer that "he would not be running the hazard of weekend travel on every weekend for 500 miles for his personal convenience." (Emphasis added.) Therefore, Lewisburg, not Warren, was the taxpayer's home for the purpose of determining whether traveling expenditures were business expenses incurred while away from home.

■ In this appeal, the Commissioner challenges the subjective test employed by the Tax Court for determining whether taxpayer was "away from home" during his five day trips to Warren each week and argues that the appropriate test for determining whether Warren or Lewisburg was taxpayer's home is an objective one in which three factors are relevant: (1) the length of time that taxpayer spent in Warren and Lewisburg; (2) the degree of taxpayer's business activity in each place; and (3) the relative proportion of taxpayer's income derived from each place. The first factor, the Commissioner emphasizes, has long been considered by the Internal Revenue Service to be the most important. *E.g.*, Rev.Rul. 82, 1963–1 Cum.Bull. 33; Rev.Rul. 67, 1961–1, Cum.Bull. 25. Because we are required to decide a question of law, whether the Tax Court applied the proper test in reaching its conclusion, our inquiry is not limited to an examination of the record to determine whether substantial evidence exists to support the Tax Court's findings. *Cf.* Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

Section 162(a)(2), 26 U.S.C. § 162(a)(2), provides:

Trade or business expenses

(a) *In General.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including— . . .

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business . . . ..

Section 262 of the Internal Revenue Code of 1954, 26 U.S.C. § 262, provides:

Personal, living, and family expenses

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

In the leading case of Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, (1946), the United States Supreme Court held that a taxpayer could not establish his home in one city, accept permanent employment in another, and then deduct as business expenses while away from home his traveling expenses incurred going to and from his place of employment. In so holding, the Court explained that, under the circumstances, the expenses incurred were not connected with his employer's business but instead were personal living expenses because they resulted from taxpayer's decision to maintain his residence in a place other than that in which his employer's business was located.

This court in Green v. Commissioner, 298 F.2d 890 (1962), following the rule enunciated by the Supreme Court in *Flowers,* affirmed a decision of the Tax Court that a self-employed taxpayer who had located his business 40 miles from his abode where he also maintained a small office and who remained in the city where his business was located for 300 days out of the year was not entitled to deduct the cost of his food and lodging there. His "traveling" to that city was not temporary but indefinite

and indeterminate and therefore it was his "home" within the meaning of section 162 of the Code.

■ This court has continued its adherence to the rule that a taxpayer's home is his principal place of business in subsequent cases in which a taxpayer accepted employment either permanently or for an indefinite length of time away from the place of his usual abode. *E.g.,* Commissioner v. Mooneyhan, 404 F.2d 522 (6th Cir. 1968), cert. denied, 394 U. S. 1001, 89 S.Ct. 1593, 22 L.Ed.2d 778 (1960); Ham v. United States, 408 F.2d 671 (6th Cir. 1969). In *Mooneyhan,* we held that an American citizen who had accepted employment abroad for an indefinite period of time was not entitled to deduct his living expenses there as traveling expenses incurred while away from home. In so holding, we observed:

> By providing this deduction, Congress intended to help the taxpayer whose employment demands that he travel. [Citation omitted]. This taxpayer normally maintains two homes—his business residence and his usual place of abode. If he travels away for short periods of time, Congress recogrized that it is not reasonable to expect him to carry his home with him; as a result, he may deduct his traveling expenses, including those incurred for meals and lodging. On the other hand, if his or his employer's business requires that he remain at another location for longer periods of time he will, under the scheme of our tax law, be expected to take his home with him. 404 F.2d at 527.

Accordingly, " . . . if the taxpayer is away [from his usual abode] 'permanently', a term that presents no real problem, or 'indefinitely', a term that does . . . his tax home shifts to his principal place of employment and he may not deduct his expenses." *Id.* at 528.

In Ham v. United States, *supra,* we affirmed a decision of a district court that a construction worker who spent four years working on a project distant from the place where his family resided, returning only on weekends, was away from home indefinitely. Because he could reasonably be expected to move his family there, he could not deduct as ordinary and necessary business expenses while away from home the cost of his food, lodging and travel at the construction site.

As we observed in *Mooneyhan, supra,* the objective test that we have adopted was tacitly approved by the Supreme court in Commissioner v. Stidger, 386 U.S. 287, 87 S.Ct. 1065, 18 L.Ed.2d 53 (1967). In that case the Court held that a military officer stationed at his permanent duty post where his family was forbidden to join him could not deduct his living costs there as business expenses while away from home because this post was his home within the meaning of section 162(a)(2) of the Code. However, when the officer was required to take short trips away from his permanent duty post, his traveling expenses were deductible.

We observe that in none of the aforementioned cases did any court adopt a subjective test for determining the location of a taxpayer's home. Instead, the essential question in each case was whether it would be reasonable under the circumstances of an indefinite stay away from one's previous abode and place of employment to expect the taxpayer to move to the location of his new employment. None of these cases, however, presented squarely the question of determining the propriety of a taxpayer's deductions for business expenses when the taxpayer had businesses in two places distant from one another.

We do, however, have some guidance from other circuits. In Ney v. United States, 171 F.2d 449 (8th Cir. 1948), cert. denied, 336 U.S. 967, 69 S.Ct. 940, 93 L.Ed. 1119 (1949), a taxpayer accepted employment with the Office of Price Administration in Washington, D. C. from July, 1942 until December, 1945. At the same time, he maintained his residence at Fort Smith, Arkansas, where his family remained during the period

in question, and where the taxpayer continued to fulfill his responsibilities as president and general manager of a corporation from which he received remuneration. In upholding the district court's decision that expenses deducted for travel, food and lodging in Washington, D. C. were personal expenses and not business expenses incurred while away from home, the court explained that "[b]eing away from home within the meaning of the tax statute does not necessarily mean being away from the place of abode without reference to the principal place of duty . . . [because] deductions allowable under this section must be in connection with business." *Id.* at 453.

Accordingly, the court held that when taxpayer spent six-sevenths of his time working in one city away from his place of abode the district court was justified in concluding that expenditures for food, travel, and lodging there "were in fact personal living expenses incurred at his principal place of employment." *Id.* at 452.

In Doyle v. Commissioner, 354 F.2d 480 (9th Cir. 1966), the court upheld a determination of the Tax Court that taxpayer, a California resident, who accepted temporary employment in Ohio, and who, three months after being on the job, became aware that it would take an indefinite time to complete his assignment was no longer permitted to consider his California residence his "home" for the purpose of determining whether he had incurred business expenses while away from home. This was true even though the taxpayer's family remained in California where he and his wife owned approximately $50,000 of real estate which his wife managed in his absence. In holding that taxpayer was not entitled to deduct his expenses for meals and lodging in Ohio, the court explained that

[i]t appears to have been the personal choice of taxpayer that his wife should live in California while he remained in Ohio for the twenty-eight month period. [Citations omitted]. There appears to have been no other reason for her failure to accompany him, and the choice may have been made to avoid the necessity of employing another to substitute for the wife in the management of the California properties. Certainly this was an inference which the Tax Court might properly have considered along with taxpayer's working history and his long existing intent, followed by practice, that his wife should not move with him to all sites of his employment. *Id.* at 482–483.

Although one court has expressed disagreement with our characterization of a taxpayer's principal place of business as his "tax home" for the purpose of determining the deductibility of traveling expenses under section 162(a)(2) of the Code, it too has adopted an objective standard. *E.g.*, Six v. United States, 450 F.2d 66 (2d Cir. 1971); Rosenspan v. United States, 438 F.2d 905 (2d Cir.),[2] cert. denied, 404 U.S. 864, 92 S.Ct. 54, 30 L.Ed.2d 108 (1971). In the *Six* case, where an actress had rented an

2. The *Rosenspan* decision which prompted the court to reject the "principal place of business" test for the determination of a taxpayer's home was an unusual case. The taxpayer, a traveling salesman, with no permanent place of abode, sought to deduct his traveling expenses incurred while away from his principal place of business as expenses incurred while away from home. The court correctly observed, however, that the expenses that the taxpayer sought to deduct did not duplicate any incurred at his principal place of business and therefore did not come within section 162(a)(2) which was intended by Congress to alleviate the tax burden of those taxpayers who incur duplicate expenses because of business exigencies. In the case before it, the court found that the taxpayer's home was wherever he happened to be. The court explained, however, that "when the assignment is 'indefinite' or 'indeterminate,' the situation is different and, if the taxpayer decides to leave his home where it was, disallowance is appropriate, not because he has acquired a 'tax home' in some lodging house or hotel at the work site but because his failure to move his home was for his personal convenience and not compelled by business necessity." *Id.* at 912.

apartment in New York away from her permanent abode in Colorado during her performance in a stage play that eventually ran for two years, the Court stated that

> [t]he standard is not that applied by the district court (*i.e.* whether Miss Merman's principal place of business was in New York or Colorado) but whether she was entitled to continue to treat Colorado as her permanent abode or residence during the period of her performance in 'Gypsy,' *i.e.* whether, under the circumstances, she should be deemed to have moved her home, as that word is generally understood, to New York. . . .
>
> *The key inquiry which must be made then is whether, under all the circumstances, Miss Merman's residence in New York during 1959 may be viewed as temporary in nature or as sufficiently indefinite to expect that a reasonable person in her position would pull up stakes and make her permanent residence in New York.* 450 F.2d at 69. (Emphasis added).

Finally, in Wills v. Commissioner, 411 F.2d 537 (9th Cir. 1969), the court upheld a determination of the Tax Court that a professional baseball player whose team home was in Los Angeles was also considered to have his home there even though his abode was in another state. The court relied upon the Supreme Court's decision in the *Flowers* case where it was stated "that business trips are to be identified in relation to business demands *and the traveler's business headquarters* and that the exigencies of business rather than personal conveniences of the traveler must be the motivating factors." *Id.* at 540.

▉ Whatever the precise formula that has been applied by courts to determine whether expenses were incurred for business reasons or for personal considerations, it is clear that the proper test is an objective, not a subjective, one in which the significance a taxpayer ascribes to the location he regards as his abode is not dispositive of the question

whether that location is his home within the meaning of section 162 of the Code. We hold, therefore, that when a taxpayer has two places of business or employment at a considerable distance from one another, his designation of one as his abode, if different from the place where he spends more of his time, engages in greater business activity, and derives a greater proportion of his income, is not dispositive of the question which location is his home for the purpose of deducting traveling expenses. In this case, taxpayer's choice of Lewisburg as his abode is not determinative of the question of the location of his home under section 162 of the Internal Revenue Code because taxpayer spent more time in Warren than he did in Lewisburg, and derived the greater amount, by far, of his income from the former than he did from the latter.

Reversed and remanded for further proceedings not inconsistent with this opinion.