J. PAUL and PATRICIA A. PRESEAULT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Preseault v. Commissioner
Docket No. 8365-72.
United States Tax Court
T.C. Memo 1975-146; 1975 Tax Ct. Memo LEXIS 231; 34 T.C.M. (CCH) 685; T.C.M. (RIA) 750146; May 15, 1975, Filed Lawrence A. Wright, for the petitioners. Justin S. *232 Holden, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency
1968
$702.41
1969
$832.93 The single issue for decision is whether petitioners were entitled to deduct as away from home travel expenses estimated costs for certain meals and lodging incurred during 1968 and 1969. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners (husband and wife) resided in Burlington, Vermont when they filed their petition. They filed their joint income tax returns for 1968 and 1969 with the North Atlantic Service Center, Andover, Massachusetts. Petitioner hereinafter will refer to J. Paul Preseault; his wife is a party solely because she filed joint returns with petitioner. During the years at issue, petitioner was employed as a pilot by Eastern Airlines, Inc. ("Eastern"), and his principal place of business was metropolitan New York City. He maintained an apartment in New York City. Petitioner lived in Burlington, Vermont when he was hired by Eastern in 1963. When he got the job with Eastern, he moved *233 his family to suburban New York City, and eventually purchased a home in that area. Petitioners sold their suburban New York City home in May 1966. Mr. Preseault decided to move his family to Burlington, spend the summer there, and then leisurely look for a permanent residence once again in the metropolitan New York City area. At about this time there was a mechanics' strike at five major airlines, including Eastern. The airlines ceased operating for approximately 48 days. During this free time, petitioner decided to invest in a ten-acre tract of property on Lake Champlain in Burlington, with the hope of constructing and renting a large apartment complex. The property, when purchased, included a house that had been converted into three apartments, a large barn and two cottages. Petitioner's family moved into one of the units in the house, and petitioner rented the remaining units and the two cottages during 1968 and 1969. Petitioner suffered losses on these rentals in both years. Petitioner made plans to develop this ten-acre tract of property. He talked to land planners and architects and he retained legal counsel. He planned to build a 76-rental-unit complex on the property. *234 The improvements were to be built in stages, a few units at a time, the first stage to be built on the western edge of the property. In 1967 he purchased an unimproved piece of property adjacent to that western end to simplify installation of utilities. Petitioner began construction of a duplex on that unimproved property in 1969 and in 1970 he moved his family into one of its two units. Ever since he purchased the property, petitioner has encountered opposition to his development plans. He has had to appear numerous times before Vermont zoing and environmental boards, and he has been continuously involved in litigation, which on a few occasions has taken him to the Supreme Court of Vermont. As of December 31, 1969, the complex had not been begun. He finally received financing commitments for construction in February 1972 and February 1973. Petitioner spent a large portion of both 1968 and 1969 in Burlington. He deducted $2,970 and $3,382.50 in 1968 and 1969, respectively, for meals and lodging at home while living with his family in Burlington, Vermont. He estimated those costs to be $15 per day in 1968 and $16.50 per day in 1969. OPINION Petitioner contends that he is entitled *235 to deduct the cost of meals and lodging while living with his family at Burlington, Vermont as travel expenses while away from his "tax home" (New York City) in the pursuit of a trade or business under section 162(a)(2). [1] Petitioner alternatively argues that he is entitled to deduct those costs as travel expenses incurred in managing or conserving income-producing property under section 212. [2] Respondent argues that the expenses were non-deductible personal expenses, that petitioner did not establish a second business in Burlington, Vermont, and that even if petitioner did establish a second business in Burlington, it did not transform otherwise non-deductible personal living expenses into deductible expenses. In addition respondent argues that petitioner failed to substantiate the expenditures under section 274(d). [3]
*236 Sections 162 and 212 provide guidelines for travel expense deductions (including those for meals and lodging). For our purposes herein, those meal and lodging expenses that do not qualify for sections 162 or 212 deductions are by definition personal expenses. See sec. 1.262-1 (b)(5), Income Tax Regs. We agree with respondent's conclusion that petitioner's meals and lodging expenses at his family home in Vermont are not deductible. Petitioner initially chose to move his family from New York City, his tax home, to Burlington just for the summer. However, he became interested in real estate prospects in Burlington and decided to continue to house his family there. Whenever he was not working for Eastern, he would travel to Burlington. While in Burlington, petitioner conducted small scale rental activities and pursued the development of an apartment complex. We acknowledge that petitioner was in a trade or business while renting the units that were on the property when purchased. Peter S. Elek,30 T.C. 731, 733 (1958); Adolph Schwarcz,24 T.C. 733, 739 (1955). We do not consider the activities related to the apartment complex to be an integral part *237 or extension of the small scale rental activities but rather the development of a new business. See Richmond Television Corporation v. United States,345 F. 2d 901 (C.A. 4, 1965) vacated and remanded on other grounds percuriam382 U.S. 68 (1965), on remand 354 F. 2d 410 (C.A. 4, 1965); Patrick L. O'Donnell,62 T.C. 781 (1974). Contra, York v. Commissioner,261 F. 2d 421 (C.A. 4, 1958), reversing 29 T.C. 520 (1957). But we note that this secondary place of business was petitioner's family residence. His primary purpose for living at his family residence was to be at "home" (in the popular sense of the term). He ate and slept there for his personal convenience. Since petitioner understandably chose to be with his family in Burlington when he was not working for Eastern, he incurred no additional meal and lodging expenses for business that was transacted from his family residence. Expenditures for meals and lodging at his residence in Burlington were "an incident of his home and family life and not of his business" and are personal expenses not deductible under either section 162 *238 or 212. Julio S. Mazzotta,57 T.C. 427, 430 (1971), affirmed percuriam465 F. 2d 1399 (C.A. 2, 1972). Not only has petitioner failed to qualify for deductions under sections 162 and 212, but also he has failed to substantiate the expenses as required by section 274(d) and its accompanying regulations. Section 274(d) requires that a taxpayer must substantiate travel expenses, including those for meals and lodging "by adequate records or by sufficient evidence corroborating his own statement." Petitioner testified that he spent 198 days in Burlington in 1968 and 205 days there in 1969, but he failed to introduce any evidence to reflect how many of those days were actually spent on his real estate interests. He estimated costs for meals and lodging at his family home to be $15 per day in 1968 and $16.50 per day in 1969, but he did not provide any evidence of actual living expenses in Burlington. He alleged that his cost estimates were based on a variety of criteria, but he did not introduce any documentary evidence or other oral evidence to corroborate his own testimony. See section 1.274-5, Income Tax Regs.
For all the above reasons, *239 Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * ↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- * * * (2) for the management, conservation, or maintenance of property held for the production of income; * * * ↩
3. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. * * * (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩