ALFRED H. BISSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bisson v. Commissioner
Docket No. 8498-72.
United States Tax Court
T.C. Memo 1975-168; 1975 Tax Ct. Memo LEXIS 204; 34 T.C.M. (CCH) 747; T.C.M. (RIA) 750168; May 29, 1975, Filed Alfred H. Bisson, pro se. Justin S. Holden, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
1967
$1,178.22
1968
1,420.80
1969
1,089.99
$3,689.01
The issues remaining for decision are: 1. Whether petitioner *205 may deduct travel expenses, incurred while away from home, in excess of the amounts reimbursed to him by his employer. 2. Whether petitioner may deduct expenses incurred in traveling between Plymouth, New Hampshire and New York City. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner was a resident of Plymouth, New Hampshire when he filed his petition herein. He filed joint Federal income tax returns with his wife, Lorraine Bisson, for 1967, 1968 and 1969 with the North Atlantic Service Center, Andover, Massachusetts. 1. Travel Expenses While Away From Home.
During the years in issue, petitioner was employed by Pan American World Airways ("Pan Am") as a pilot. His primary duties consisted of piloting Boeing 707 aircraft on international flights. His primary base of operation was Kennedy Airport in New York. In the course of his duties petitioner incurred living expenses in diverse locations throughout the world. Pan Am paid directly for petitioner's hotel accommodations wherever he stayed during the course of his employment. Pan Am also paid to petitioner various sums for food, tips and miscellaneous living expenses. The amount *206 paid was calculated on the basis of number of hours of duty, number of hours in a given location and a factor for the relative expense of each location. The formula and rates were arrived at by negotiation between the pilots' union and Pan Am. Petitioner was not required to substantiate to Pan Am any of the reimbursed expenses. Petitioner maintained no records of his actual expenses while on business during the years in issue. Petitioner estimated that he spent $15 per day for meals, tips and laundry while away on business. On his 1967 and 1968 returns petitioner claimed employee business expenses of $1,071 and $1,173, respectively, in excess of Pan Am's reimbursements, as follows: 1967
1968
Total Estimated Expenses
$2,220
$2,441
Employer Reimbursements
1,149
1,268
Excess Expenses
$1,071
$1,173
Respondent disallowed the claimed expenses on the grounds that they were not ordinary and necessary expenses under section 162 [1] and that the amounts claimed were not substantiated as required by section 274. 2. Transportation Expenses.
*207 Petitioner's primary occupation and source of income was as an airline pilot, and his principal place of business was Long Island, New York. Petitioner's principal residence, along with his wife and children, was Plymouth, New Hampshire during the years in issue. Petitioner invested in real estate in New Hampshire prior to and during the years in issue. At no time during the years in issue was petitioner actively engaged in real estate development in New Hampshire. Petitioner was a shareholder in City Distributing Co., Inc., a family corporation engaged in the sale of home heating oil and gasoline during the years in issue. Petitioner did not actively participate in City Distributing's operations as either an employee or an officer, and was not paid any compensation by the company. During the years in issue petitioner incurred expenses in the course of traveling from his home in Plymouth to his place of employment in New York by automobile and commercial aircraft. Petitioner maintained no records of his actual transportation expenses between Plymouth and Long Island. Petitioner calculated his transportation expenses as if he had traveled entirely by automobile. He determined *208 that the round-trip road distance between Plymouth and New York was 680 miles, that he made three trips per month, and that he made 33 trips per year. He deducted 10" per mile for the first 15,000 miles ($1,500), 7" per mile for the remaining 7,440 miles ($520.80), and $181.50 for tolls, for total transportation expenses of $2,202.30. On each of his 1967, 1968 and 1969 returns petitioner claimed travel expenses of $2,202.30. Respondent disallowed these amounts in full on the grounds that they were commuting expenses. OPINION 1. Away from Home Expenses.
The first issue is whether petitioner may deduct the excess of his travel expenses incurred while away from home on business as an employee of Pan Am over the amounts reimbursed to him by Pan Am. Respondent contends that petitioner has failed to meet the substantiation requirements of section 274, and we agree. Section 274(d) provides in part that "no deduction shall be allowed * * * under section 162 or 212 for any traveling expense (including meals and lodging while away from home) * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such *209 expense * * *, (B) the time and place of the travel, * * * [and] (C) the business purpose of the expense * * *." Petitioner failed, however, to maintain records, and he has not remedied that lack by sufficient evidence corroborating his own testimony. Section 1.274-5(c)(3), Income Tax Regs. Therefore, petitioner is not entitled to any away-from-home expenses in excess of reimbursements for 1968 and 1969. 2. Transportation Expenses.
The second issue is whether petitioner can deduct his transportation expenses incurred in traveling between his home in Plymouth and his principal place of business in New York. Petitioner contends he has two places of business, one in New Hampshire where he conducts a home heating oil and gasoline business and a real estate development business, and one in New York where he is an airline pilot, and that travel between them is a deductible business expense. Respondent maintains that petitioner's traveling expenses between Plymouth and New York are personal, nondeductible commuting expenses, and again we agree. Petitioner's only business during the years in issue was that of an airline pilot. We have found as a fact that petitioner was not engaged *210 in any business in New Hampshire during the years in issue. Though petitioner did invest in real estate, he did not actively engage in trading in real estate or in real estate development. Petitioner incurred these travel expenses, not in the pursuit of his business, but because he chose to live a great distance from his work. Petitioner therefore is not entitled to any deduction. Commissioner v. Flowers,326 U.S. 465 (1946). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩