JOYCE R. CAMARATA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Camarata v. Commissioner
Docket No. 11360-77
United States Tax Court
T.C. Memo 1979-209; 1979 Tax Ct. Memo LEXIS 318; 38 T.C.M. (CCH) 857; T.C.M. (RIA) 79209; May 24, 1979, Filed *318 Held, petitioner may not deduct amounts she expended for living expenses while residing in Georgia be cause she was not away from home. Joyce R. Camarata, pro se. William F. Garrow, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on August 12, 1977, issued a statutory notice in which he determined a deficiency in petitioner's Federal income tax for her calendar year 1974 in the amount of $350. The sole issue for our *319 determination is the deductibility of amounts petitioner expended as expenses incurred while residing in Georgia during her taxable year 1974. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Joyce R. Camarata, resided in Greenville, Michigan at the time of filing the petition herein. Petitioner attended Western Michigan University in Kalamazoo, Michigan.As part of her studies she "student taught" at Avon Elementary, St. Clair, Michigan and Haitema Elementary in Sterling Heights, Michigan, which activity she completed in 1974. Petitioner expected to make teaching her career. However, she encountered considerable difficulty in securing a teaching job in Michigan due to her lack of experience. Petitioner began working at a drug store in the winter of 1970. She worked there when she was home for vacations and holidays and continued to work there until July or August of 1974. At that time she moved to Athens, Georgia where she had obtained a teaching position as an itinerate teacher for visually impaired students after receiving *320 negative responses to her Michigan applications. Petitioner accepted the Georgia position with the intent that she would work there throughout the 1974-75 school year, then return to Michigan to continue her teaching career even though she could have renewed the contract for her position in Georgia. Pursuant to such intent, she continued to submit applications for Michigan positions. After interviewing in Michigan during her 1974 Christmas vacation she obtained a job for the 1975-76 school year in Greenville, Michigan which she accepted. From January 1974 up to the time she left Michigan for Georgia, petitioner lived in her mother's home in St. Clair, Michigan. She paid her mother rent during that time period. She did not continue the rental payments after moving to Georgia. In Georgia, petitioner first lived in a motel. She then found an apartment which she occupied. However, she did not execute a lease because of her intent to leave at the close of the 1974-75 school year. Petitioner did not have duplicate living expenses during her 1974 taxable year. While in Georgia petitioner continued to list her mother's home as her permanent address. She retained her Michigan *321 car registration and driver's license. She did not apply for Georgia residency. She also returned to Michigan for Thanksgiving and Christmas during the school year she worked in Georgia. On her Federal income tax return for her taxable year 1974 petitioner claimed $2,186 as travel expense, broken down as follows: Automobile expense $ 495
Other traveling expense: Hotel and rooms
869
Garage
25
Meals (away from Michigan)
749
Postage
8
Tips
4
Laundry
36
Total claimed traveling expenses
$2,186
Less: Reimbursed expenses
0
Total traveling expense claimed
net of any reimbursement
$2,186
Respondent disallowed this amount in full, but allowed an unclaimed moving expense of $275.50. OPINION A deduction is allowed under section 162(a)(2), [1] I.R.C. 1954 for expenses incurred while away from home if they are not personal in character. Section 262. The criteria used to distinguish allowed from disallowed expenses are: (1) that the expenditures must be reasonable and necessary, (2) they must be incurred while away from home, and (3) they must be incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946). *322 Herein the parties agree that the first criterion has been satisfied. However, to be deductible an expenditure must satisfy all three conditions. Foote v. Commissioner,67 T.C. 1, 3 (1976). At the outset we compliment petitioner on the quality of her brief. She argues therein that her home was in Michigan because she never intended to remain in Georgia. We fully accept her contention on this point. However, petitioner has failed to comprehend the distinction between "home" as it is ordinarily used and "home" or "tax home", as it is used in section 162. An individual's tax home is the vicinity of his or her principal place of business. This pragmatic approach eliminates the need to speculate on a taxpayer's *323 intent. Because petitioner's principal place of business during the period in issue was Athens, Georgia that was her tax home. Brandl v. Commissioner,513 F.2d 697, 699 (6th Cir. 1975). Petitioner further argues that the temporary character of her stay in Georgia counteracts the effect of our finding that it was her principal place of business. We do not agree. The "away from home" provision was enacted to mitigate the burden of a taxpayer who finds it necessary to maintain dual abodes because of the exigencies of his trade or business. Kroll v. Commissioner,49 T.C. 557, 562 (1968). Herein, petitioner did not maintain a residence in Michigan. She did not incur duplicate living expenses. Even itinerant taxpayers are not entitled to a deduction under section 162(a)(2) because they do not maintain a home to be away from. E.g., Scotten v. Commissioner,391 F.2d 274 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. Because petitioner failed to satisfy the away from home test we need not consider whether the expenditures were incurred in the pursuit of a trade or business. Decision will be entered for the Respondent. *324 Footnotes
1. SEC. 162.TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩