WARREN D. BRANSCOMB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Branscomb v. Commissioner
Docket No. 12831-78.
United States Tax Court
T.C. Memo 1981-97; 1981 Tax Ct. Memo LEXIS 653; 41 T.C.M. (CCH) 1021; T.C.M. (RIA) 81097; February 26, 1981. Warren D. Branscomb, pro se. Clyde W. Mauldin, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 2,021.62 deficiency in petitioner's 1976 income tax. Due to concessions of the parties the only issue for determination is whether petitioner is entitled to deduct certain living expenses. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Warren D. Branscomb ("petitioner") resided in Belleville, *654 Michigan at the time he filed his petition in this case. Petitioner earned $ 34,727.70 in 1976 as a pilot for North Central Airlines ("North Central"). Petitioner has worked continuously for North Central (or its successor) since 1957. From 1957 to 1975 petitioner's "domicile", as that term is used in the airlines industry, [1] was Detroit, Michigan. Prior to 1976 petitioner flew only airplanes commonly known as DC-3's and Convair 340's, 440's and 580's. Petitioner was not qualified at that time to fly DC-9's. In 1976 petitioner requested North Central to change his assignment to Minneapolis, Minnesota, where he could qualify in and fly DC-9's. North Central granted petitioner's request. Petitioner remained assigned to Minneapolis for a period of 18 months during which time he received two months training in the operation of DC-9's. At the time North Central granted petitioner's change-of-assignment request, they did not indicate whether such change was temporary in nature. *655 After completion of his training petitioner retained his Minneapolis assignment in order to remain eligible to work in DC-9's. At the time petitioner requested his change-of-assignment he knew that, upon completing his training, he would have to remain in Minneapolis if he wished to fly DC-9's. In September 1977, however, as a result in cutbacks in available flight time, petitioner allowed his assigned airport to be changed back to Detroit rather than suffer a severe demotion in pay and status. Throughout the 18 month period petitioner was assigned to Minneapolis, his wife and family remained at the family home in Belleville, Michigan. [2] Petitioner traveled between Belleville and Minneapolis on a pass which entitled him to fly on North Central at minimal cost. In 1976 petitioner spent $ 1,767.58 on lodging and food in the Minneapolis area. Petitioner deducted this amount as an itemized deduction on his 1976 income tax return. In 1975 petitioner acquired rental property (a house) in Belleville. In 1976 petitioner received $ 2,937 rent from this house and incurred $ 4,131.22 of expenses (including depreciation). Petitioner *656 did some general maintenance and repair work on this house, but generally he hired others to do such work. In his notice of deficiency, respondent disallowed the entire $ 1,767.58 deduction claimed for lodging and food by petitioner. Respondent determined that these expenses were not incurred by petitioner while away from home. [3]
OPINION The sole issue before us is whether petitioner is entitled to deduct traveling (lodging and food) expenses incurred in Minneapolis, Minnesota. Petitioner contends that he is entitled to the claimed deductions as traveling expenses incurred while away from home because his assignment to Minneapolis was temporary in nature and his "home" for tax purposes was Belleville. Alternatively, petitioner contends that he engaged in two trades or businesses (flying and real estate) and is therefore entitled to deduct traveling expenses incurred in connection with one of those trades or businesses, namely, that of being a pilot. Respondent, on the other hand, asserts that the claimed traveling *657 expenses were non-deductible personal living expenses resulting from petitioner's desire to maintain his residence at a place other than the location of his principal place of business. We agree with respondent. Personal living expenses are ordinarily non-deductible. Sec. 262. [4] However, section 162(a) provides: (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are levish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; In Commissioner v. Flowers, 326 U.S. 465 (1945), the Supreme Court set out three prerequisites to the deductibility of traveling expenses under the predecessor to section 162 (a)(2): First, the expense must be reasonable and necessary; second, it must be incurred while away from home; and third, it must be incurred in the pursuit of a trade or business. *658 The current dispute stems from defining the term "home" for purposes of section 162(a)(2). Thus far the Courts of Appeals have been unsuccessful in adopting a uniform test for determining the location of a taxpayer's home. [5] However, the Sixth Circuit, to which an appeal in this case would lie, has articulated several tests it finds appropriate to a determination of a taxpayer's home for purposes of section 162(a)(2). In Markey v. Commissioner, 490 F. 2d 1249, 1253 (6th Cir. 1974), [6] the court stated the rule that when a taxpayer accepts employment either permanently or for an indefinite length of time away from the place of his usual abode, the taxpayer's "home" for purposes of section 162(a)(2) is his principal place of business. See also Ham v. United States, 408 F. 2d 671 (6th Cir. 1969); *659 Commissioner v. Mooneyhan, 404 F. 2d 522 (6th Cir. 1968), cert. denied 394 U.S. 1001 (1969); Green v. Commissioner, 298 F. 2d 890 (6th Cir. 1962). [7] This test necessarily leads to the question of whether a taxpayer's new employment is permanent (or indefinite) as opposed to temporary in duration. See Peurifoy v. Commissioner, 358 U.S. 59 (1958). If the taxpayer's new employment is temporary, then, under the Sixth Circuit approach, the taxpayer is entitled to deduct traveling expenses incurred in connection with his new employment. Green v. Commissioner, supra.A new job is permanent (or indefinite) if, after an objective examination of the surrounding facts and circumstances, it is reasonable to expect the taxpayer to move to the location of his new employment. Markey v. Commissioner, 490 F. 2d at 1253; Mooneyhan v. Commissioner, 404 F. 2d at 527. [8]
*660 Our inquiry, therefore, is whether it was reasonable, in light of the circumstances at the time North Central assigned petitioner to Minneapolis, to have expected petitioner to move his residence to Minneapolis. We think it was. Petitioner request North Central to change his assignment. He realized at that time that if assigned to Minneapolis he could qualify to fly DC-9's. Petitioner knew that once qualified he had to retain his Minneapolis assignment to continue flying DC-9's. Having voluntarily requested a change in his assigned airport, it is unlikely that petitioner would give up flying DC-9's and return to Detroit shortly after qualifying to fly them. At the time petitioner requested his assignment change he did not anticipate that it would be only for a short duration. North Central never indicated to petitioner that his change was temporary. The fact that petitioner's assignment changed back to Detroit resulted entirely from unforeseeable events--the cutbacks in available flight time out of Minneapolis. Neither petitioner nor North Central knew or anticipated that petitioner would be reassigned back to Detroit 18 months later. Under these facts, it is reasonable *661 to expect petitioner to have moved his residence from Detroit to Minneapolis. Accordingly, petitioner's food and lodging expenses were non-deductible personal living expenses. [9]Mooneyhan v. Commissioner, supra; Green v. Commissioner, supra.
Petitioner's second argument, that he engaged in two trades or businesses, is the central issue in the Sixth Circuit's opinion in Markey. In Markey, the Sixth Circuit held that the fact that a taxpayer is engaged in two trades or businesses which are geographically distant from one another does not entitled him to designate one of the locations *662 as his "home" for purposes of section 162(a)(2). Rather, the Sixth Circuit requires the application of another objective test: We hold, therefore, that when a taxpayer has two places of business or employment at a considerable distance from one another, his designation of one as his abode, if different from the place where he spends more of his time, engages in greater business activity, and derives a greater portion of his income, is not dispositive of the question which location is his home for the purpose of deducting traveling expenses. (Emphasis added.) 490 F.2d at 1255. Implicit in the Sixth Circuit's approach is that a taxpayer's "home" for purposes of section 162(a)(2) is at one of his places of business. [10]
In the present case, petitioner's contention that his home for purposes of section 162(a)(2) is Belleville because of his business activity of renting a house there is without merit. Even assuming that petitioner *663 was engaged in a business by virtue of his rental activities, his "home" for purposes of section 162(a)(2) is still Minneapolis. The evidence does not indicate where petitioner spent the greatest amount of his total time. However, considering that petitioner spent only an insignificant amount of time engaged in activities involving his rental property as compared to his full time job as a pilot, it is clear that petitioner engaged in a disproportionate amount of business activity in Minneapolis. And finally, petitioner's employment as a pilot produced a far greater amount of petitioner's total income ($ 34,727.70) than did his rental business (a loss of $ 1,194.22). In light of these facts, we find that petitioner's home for purposes of section 162(a) was Minneapolis, Minnesota, and petitioner's claimed deductions for traveling expenses were properly disallowed by respondent. Due to concessions and to reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. In the airlines industry the term "domicile" denotes an employee's assigned airport. In this opinion we will refer to petitioner's "assigned airport" or "assignment" rather than to his "domicile."↩
2. Belleville, Michigan, is a suburb of Detroit.↩
3. Respondent does not dispute that the amounts claimed were actually expended for meals and lodging while petitioner stayed in the Minneapolis area.↩
4. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
5. For example, see Commissioner v. Hantzis,     F. 2d     (1st Cir. 1981), Daly v. Commissioner, 631 F. 2d 351 (4th Cir. 1980), Markey v. Commissioner, 490 F. 2d 1249 (6th Cir. 1974), and Rosenspan v. United States, 438 F. 2d 905 (2d Cir.), cert. denied 404 U.S. 864 (1971). See also, Annot., 19 L. Ed. 2d 1416↩ (1968).
6. See also Montgomery v. Commissioner, 532 F. 2d 1088 (6th Cir. 1976); Brandl v. Commissioner, 513 F. 2d 697 (6th Cir. 1975); Ham v. United States, 408 F. 2d 671 (6th Cir. 1969); Commissioner v. Mooneyhan, 404 F. 2d 522 (6th Cir. 1968), cert. denied 394 U.S. 1001 (1969); Green v. Commissioner, 298 F. 2d 890 (6th Cir. 1962); and Burns v. Gray, 287 F. 2d 698↩ (6th Cir. 1961). 7. See Kroll v. Commissioner, 49 T.C. 557, 561-562↩ (1968). 8. See Tucker v. Commissioner, 55 T.C. 783, 786↩ (1971).
9. Petitioner is not the first pilot to assert that expenses incurred while staying in the location of his assigned airport, which is away from his personal residence, are deductible. The taxpayers in other cases were also denied their claimed deductions. See, e.g., Kennedy v. Commissioner, 40 T.CM. 958, 49 P-H Memo. T.C. par. 80,310 (1980); Bisson v. Commissioner, 34 T.C.M. 747, 44 P-H Memo. T.C. par. 75,168 (1975); Preseault v. Commissioner, 34 T.C.M. 685↩, 44 P-H Memo. T.C. par. 75,146 (1975).
10. This Court adopted the Sixth Circuit's analysis in Markey v. Commissioner, supra, in Montgomery v. Commissioner, 64 T.C. 175 (1975), affd. 532 F.2d 1088↩ (6th Cir. 1976).