PAUL G. SARGENT and SHIRLEY A. SARGENT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Commissioner
Sargent v. Commissioner
Docket No. 9757-81.
United States Tax Court
T.C. Memo 1984-390; 1984 Tax Ct. Memo LEXIS 276; 48 T.C.M. (CCH) 647; T.C.M. (RIA) 84390; July 30, 1984. Paul G. Sargent, pro se. Ronald T. Jordan, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $1,201 in petitioners' Federal income taxes for 1977. The *277 deficiency resulted from disallowance of amounts claimed for transportation, meals, and lodging in relation to service in the Air Force Reserves. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioners resided in Ohio at the time they filed their petition herein. In 1977, Paul G. Sargent (petitioner) was a navigator for the United States Air Force Reserves, with a post of duty at McGuire Air Force Base, New Jersey (McGuire). Petitioner's occupation was described as "A.F. Reserve" on petitioners' return filed for that year, which reported $13,269.58 from the Air Force Reserves as the only income earned that year. During 1977, petitioners were the sole shareholders of a corporation which owned and operated a tavern in Hilliard, Ohio. The tavern was purchased on or about January 13, 1977, for $15,000. Petitioner Shirley A. Sargent worked full time at the tavern. When petitioner was not on duty at McGuire or traveling between New Jersey and his residence in Ohio, he also worked at the tavern. Petitioners received no salary or dividends from the corporation during 1977. During 1977, petitioner spent *278 a total of 208 days on Reserve duty or traveling to his Reserve post of duty at McGuire. He made 24 round trips of approximately 1,000 miles each between his residence and McGuire by automobile. On their return for 1977, petitioners deducted $7,138 as employee business expense, including $3,450 for travel between petitioner's residence and McGuire, $876 for automobile expenses driving in and around the base, and $2,812 in living expenses petitioner claimed to have incurred while on duty at the base. During 1977, petitioner spent a total of 157 days at his residence in Ohio or in traveling to his residence from McGuire. Petitioner maintained a diary for 1977 in which he recorded days on duty in the Air Force Reserve, travel to and from McGuire, and 37 days that he worked at the tavern. He also recorded amounts for food and other living expenses, but he did not maintain receipts or other specific records substantiating those expenses. OPINION Section 262 [1] provides that "[e]xcept as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." Travel expenses, meals, and lodging incurred in traveling away from home *279 are not deductivle unless they qualify as expenses under section 162; and the costs of commuting between a taxpayer's place of business or employment and his residence do not qualify as deductible expenses. Sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs.
Section 162(a)(2) permits a deduction for traveling expenses incurred "while away from home in the pursuit of a trade or business." A taxpayer's home for the purpose of applying the "away from home" requirement is his principal place of business. Commissioner v. Flowers,326 U.S. 465 (1946); Green v. Commissioner,298 F.2d 890 (6th Cir. 1962). Respondent contends that McGuire Air Force Base was petitioner's "tax home" for determining the deductibility of his expenses, and petitioner contends that Hilliard, Ohio, was his tax home. [2]
*280 In Markey v. Commissioner,490 F.2d 1249, 1255 (6th Cir. 1974), reversing a Memorandum Opinion of this Court, the Court of Appeals for the Sixth Circuit stated: [W]hen a taxpayer has two places of business or employment at a considerable distance from one another, his designation of one as his abode, if different from the place where he spends more of his time, engages in greater business activity, and derives a greater proportion of his income, is not dispositive of the question which location is his home for the purpose of duducting traveling expenses. * * * See also Montgomery v. Commissioner,64 T.C. 175 (1975), affd. 532 F.2d 1088 (6th Cir. 1976). The parties have stipulated to facts that show that petitioner spent much more of his time in relation to his employment at McGuire Air Force Base than he did working at the tavern in Ohio. Petitioner testified that his diary was incomplete in only recording 37 days spent working at the tavern and that he "worked there everyday that was available for at least 12 or 13 hours." He did not, however, present any corroborating witnesses or other evidence in support of his testimony. *281 Petitioner further testified that the corporation acquired the bar in January 1977 and sold it in 1978 at a substantial profit. Although the record was left open for receipt of the corporation's 1977 tax return, that document was not provided. No other evidence corroborates petitioner's claim of profit from the bar or allows us to attribute any such profit to petitioner's efforts during 1977. Petitioners have the burden of proving that they are entitled to the deductions that they claim. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner failed to prove that the degree of his business activity related to the tavern in Ohio was greater than or even comparable to his business activity and earned income from his duty in the Air Force Reserves. Although the tavern operated by a corporation in which he had an interest may have been subjectively more important to petitioner, we must apply the objective criteria set forth above. Markey v. Commissioner,supra at 1255. We must conclude that McGuire Air Force Base was *282 petitioner's tax home and that, therefore, the expenses of traveling there and living there are not deductible. Moreover, because petitioner actually maintained a residence with his wife within the locale of the tavern in Ohio, in the absence of evidence of the contrary, we must conclude that his reasons for traveling to Ohio from New Jersey were primarily personal and that, therefore, the costs of that travel are not deductible. See Mazzotta v. Commissioner,57 T.C. 427 (1971), affd. 465 F.2d 1399 (2d Cir. 1972). Similarly, petitioner has not provided any explanation of or details with respect to his local transportation while at McGuire Air Force Base, for which he deducted $876. Although local business transportation would not be subject to the strict substantiation requirements of section 274(d), petitioner has failed to meet his burden of proof that such transportation occurred and that it was business related. By reason of the conclusions stated above, it is unnecessary to address the substantiation requirements of section 274(d). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. Petitioner contends that duty with the Air Force Reserves is by definition temporary employment away from home, citing Rev. Rul. 63-64, 1963-1 C.B. 30. That ruling states, in part: "Public Law 87-117, supra, empowered the President to order members of the Ready Reserve to active duty for a period not to exceed twelve consecutive months. Virtually all of the reservists who were summoned to active duty pursuant to the provisions of the law were actually released in less than a year. Moreover, under the attendant facts and circumstances, it is not unreasonable to conclude that such reservists did not, at the time they were ordered to active duty, expect to remain in active duty status for a full year. "Accordingly, it is concluded that any member of the Ready Reserve with a principal or regular place of business or employment which he retained during his period of temporary duty will be considered as having been in travel status while performing his temporary duty with the Armed Forces, provided he returned to his regular place of business or employment after concluding his tour of duty and provided he was stationed away from the general area where his civilian place of employment or other business was located." Petitioner has not shown that his duty with the Air Force Reserves comes within the terms of the revenue ruling and, in any event, the ruling assumes that prior to assuming reserve duty the taxpayer had a tax home elsewhere. The issue to be decided in this case is the location of petitioner's tax home, and there is no evidence as to its location in years prior to 1977. Respondent does not dispute the classification of Air Force Reserve duty as a trade or business or that business expenses relating to that duty may be deductible under section 162.↩