DONALD E. and KATHERINE B. DUKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duke v. Commissioner
Docket No. 7980-74.
United States Tax Court
T.C. Memo 1976-38; 1976 Tax Ct. Memo LEXIS 365; 35 T.C.M. (CCH) 155; T.C.M. (RIA) 760038; February 11, 1976, Filed Donald E. Duke, pro se. William Robert Pope, Jr., for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined a deficiency in the joint Federal income tax return of the petitioners for the taxable year 1972 in the amount of $728.19. The sole issue for our decision is whether certain living expenses incurred by the petitioners while resident at the University of Georgia pursuing graduate education are deductible pursuant to section *366 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated. Such facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Donald E. and Katherine B. Duke are husband and wife whose legal residence at the time of the filing of the petition herein was Franklin, Tennessee. They filed a timely joint Federal income tax return for the taxable year 1972 with the Southeast Service Center, Chamblee, Georgia. From January 2, 1968 through June 1969, Mr. Duke was employed as an assistant professor of accounting at Tennessee Technological University (hereinafter referred to as "Tennessee Tech"), located in Cookeville, Tennessee. During the summer months of 1969, he attend the University of Georgia Graduate School of Business Administration, located at Athens, Georgia, to take courses necessary for his admission to candidacy for a Ph.D. in Business Administration. Mr. Duke returned to Tennessee Tech to teach during the academic year 1969-1970. During the same period, Mrs. Duke was employed as a teacher in the Putnam County, Tennessee, *367 school system. In June 1970, Mr. Duke having been granted a leave of absence beginning September 1, 1970, for one year from Tennessee Tech, the petitioners moved to Athens, Georgia in order for Mr. Duke to continue graduate study at the University of Georgia necessary for his admission to candidacy for a Ph.D. in Business Administration. The program of study was designed to require two full academic years, plus summers, for the student to complete everything but the research. The petitioners moved all of their belongings from Cookeville, Tennessee, to Athens, Georgia at that time. From June 1970 to August 1971, Mr. Duke was a full-time resident student at the University of Georgia. In addition, he served as a teaching assistant for the 1970-1971 academic year for which he was paid $3,500. Mrs. Duke was employed as a full-time counselor at Brazelton, Georgia, for the 1970-1971 school year. In May 1971, Mr. Duke was offered, and subsequently accepted, the position of temporary assistant professor of accounting in the College of Business Administration for the academic year 1971-1972 at the University of Georgia. His salary was $13,000 for the nine-month period constituting the *368 academic year, although the salary was paid in twelve equal installments with the first payment on September 30, 1971. Mr. Duke was granted additional educational leave from Tennessee Tech for the period September 1, 1971 through September 1972. In October 1971, Mr. Duke wrote to the head of the Department of Accounting at Tennessee Tech for details as to what his status would be at that university for the academic year beginning September 1, 1972. That letter read, in part, as follows: It's time to start looking where I jump next. Please advise my salary, title, and tenure status at Tech so I can see what to do. Porter at the University of Tennessee, Nashville is in the marked again for faculty. Several openings seem to exist for ABD and Degreed accounting types. Mr. Duke was informed in November that his title and salary would vary depending on whether he had "the degree in hand." In December 1971 Mr. Duke was offered a position as associate professor of accounting, without tenure, effective September 1, 1972, at the University of Tennessee at Nashville. By letter of January 5, 1972, Mr. Duke advised the head of the Department of Accounting at Tennessee Tech that he would *369 be terminating his leave status in August 1972, to join the faculty of the University of Tennessee at Nashville in September 1972. Mr. Duke's letter was accepted as his resignation by Tennessee Tech as of January 11, 1972. During the academic year, September 1971 through May 1972, when Mr. Duke was employed as a temporary assistant professor of accounting, he did not take any courses at the University of Georgia. However, he was engaged in preparation for and completion of examinations preliminary to his admission to candidacy for the Ph.D. degree in Business Administration. After his admission to candidacy, Mr. Duke was involved in the preparation of his doctoral dissertation. Mr. Duke was a full-time student during the summer of 1972. Mrs. Duke was engaged in taking courses at the University of Georgia from the spring quarter of 1971 through the summer quarter of 1972 towards a degree of Ed.S., Education Specialist. While on leave from Tennessee Tech, both the initial and additional period, Mr. Duke did not receive any pay from Tennessee Tech nor did he accrue any leave or vacation time. Mr. Duke did retain coverage under a group health insurance policy on employees of Tennessee *370 Tech. The written policies with regard to a leave of absence from Tennessee Tech state that a leave of absence may be recommended by the presidents [of the various state educational institutions] to the State Board of Education and approved for one year subject to renewal during a second year if recommended and approved. From June 1970 to August 1972, the petitioners did not maintain a home, by ownership or lease, in Cookeville, Tennessee, nor were any of their belongings stored in Cookeville, Tennessee. During this period the petitioners lived in student housing at Athens, Georgia, provided by the University of Georgia, for which they paid a monthly rental. Mr. and Mrs. Duke moved to Nashville, Tennessee, in September 1972, from Athens, Georgia, in order that Mr. Duke might join the faculty of the University of Tennessee at Nashville as an associate professor of accounting. Mrs. Duke began teaching in the Nashville area on a substitute basis until full-time employment was obtained in September 1973. Mr. Duke was awarded the degree of Ph.D. in Business Administration on June 12, 1974. On their joint Federal income tax return for the taxable year 1972, the petitioners deducted *371 the following expenses: Educational - Tuition, etc.
$ 753.55
Living Expenses - Summer Term
2,522.65 [2]
Living Expenses - Spring - $3,121.02 X 40%
1,248.41
The direct cost of education in 1972 in the amount of $753.55 was allowed in full. The living expenses were disallowed by the respondent as being personal. He determined that during the spring and summer of 1972 the petitioners were not "away from home" as required by section 162(a)(2) and therefore the expenses in question did not constitute deductible business expenses. OPINION
In June of 1970, the petitioners took all of their belongings and moved from Cookeville, Tennessee, where Mr. Duke was employed by Tennessee Tech to Athens, Georgia where he took courses in preparation for his admission to candidacy for a Ph.D. degree. Tennessee Tech granted him a leave of absence for the academic year 1970-1971 and later granted him additional educational leave for the period from September 1971 through September 1972. In January 1972, Mr. Duke advised Tennessee Tech that he was terminating his leave status in August *372 1972 to take a position at the University of Tennessee, Nashville to begin in September 1972. His resignation was accepted as of January 11, 1972. During the period that the petitioners were in Athens, Mrs. Duke was employed as a counselor in Brazelton, Georgia and did graduate work at the University of Georgia. The petitioners resided in Athens, Georgia from June 1970 to September 1972. Throughout their stay at Athens, the petitioners maintained no other residence. Petitioners argue that their home was in Cookeville and that their stay in Athens was by its nature temporary. Therefore, they contend that their living expenses while students at the University of Georgia are deductible. The respondent argues that the petitioners abandoned Tennessee as their residence and their principal place of business and had no home to be away from other than that at Athens, Georgia, during the period in question. Therefore, he contends that the petitioners do not come within the provisions of section 162(a)(2) and that the living expenses in question are nondeductible personal expenses under section 262. Section 162(a)(2) provides as follows: (a) In General.--There shall be allowed as a *373 deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business, * * * Section 262 provides that no deduction shall be allowed for personal, living or family expenses. Travel expenses incident to education must meet the same requirements as any other travel expense under section 162(a)(2). Section 1.162-5(e)(1), Income Tax Regs.; Lloyd G. Jones,54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971). A taxpayer cannot be away from home within the meaning of the statute unless he has a home to be away from. Brandl v. Commissioner,513 F.2d 697 (6th Cir. 1975), affirming a Memorandum Opinion of this Court. See also Rosenspan v. United States,438 F.2d 905 (2nd Cir. 1971). In Rosenspan, the taxpayer was a jewelry salesman employed by jewelry firms in New York City. He spent approximately ten months traveling his sales *374 territory and returned to New York only five or six times a year. When in New York, he sometimes stayed with his brother, but mostly stayed in hotels. He used his brother's address for receiving personal correspondences, registering, voting and for filing tax returns. The taxpayer argued that his home for tax purposes was New York City and hence that all of the time he spent in his territory was "away from home". The court disagreed and determined that the taxpayer's home was wherever he happened to be. In order for a taxpayer to claim deductions under section 162 he must establish that he actually maintained a "home" in the sense that he maintained some tie to the place he claims as "home", the expense of which he paid while he incurred other expenses away from that home. We need not consider whether petitioners left Cookeville with the intention, perhaps, of returning upon completion of their studies at University of Georgia--suffice it to say, Mr. Duke no longer was employed by Tennessee Tech. He was on leave of absence from his job there. The fact that he might someday return did not make Cookeville his "home" for the purpose of determining whether living expenses incurred *375 while at Athens are deductible. Petitioners must show that they had a "home", other than their place of residence, to which they had some "tie". Generally speaking, this has been construed as a place to which petitioners might return, and which in the interim is maintained by the petitioners at their expense. Brandl v. Commissioner,supra.See also Rosenspan v. United States,supra.
In Brandl v. Commissioner,supra, the taxpayer, a technical representative for an electric company in Toledo, Ohio was required to travel throughout the United States to meet with dealers. In this capacity he spent approximately nine to ten months on the road during the taxable year with each trip usually lasting from four to six weeks. When in Toledo, the taxpayer stayed at the home of his brother where he received his mail and paid state and local taxes. The petitioner claimed that his "home" for tax purposes was Toledo. The Court disagreed and in applying the Rosenspan rationale, stated: * * * The central purpose of the deduction is to allow the taxpayer credit for the additional expenses encountered when he is required to travel *376 for business reasons. If such a traveler has a permanent residence not only must he meet its continuing maintenance expenses, but he must also pay the many expenses necessarily incurred in connection with his employment while on the road. These considerations are of critical importance in determining whether a taxpayer has a home within the meaning of section 162(a)(2). * * * The petitioners had no "home" during the relevant portion of 1972 other than the place of their residence at Athens, Georgia. They relocated their permanent residence in its entirety there. They did not, during the period from June 1970 to August 1972, maintain a home by ownership or lease in Cookeville, nor did they store any belongings there. All physical connection with Cookeville was severed. Although Mr. Duke was on leave of absence from Tennessee Tech he worked in Athens during the period in question. His ties with Cookeville caused him no duplication of living expenses whatsoever. Furthermore, his actions do not warrant a finding that he truly believed that he would return to Tennessee Tech. The fact that he inquired about what his opportunities would be at Tennessee Tech, and the fact that he accepted *377 a position with a new employer shows that he intended to obtain a position commensurate with his newly acquired qualifications, regardless of his previous relationship with any employer. The petitioners' home for all purposes during the spring and summer of 1972 was Athens, Georgia. There was no duplication of living expenses. Therefore, since the petitioners had no home to be away from other than that in Athens, where the expenses were incurred, the petitioners do not come within the provisions of section 162(a)(2). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. In the stipulation of facts, this figure was incorrectly stated to be $2,322.65.↩