EUGEN D. GEORGESCU, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Georgescu v. Commissioner
Docket No. 9224-91
United States Tax Court
T.C. Memo 1992-597; 1992 Tax Ct. Memo LEXIS 619; 64 T.C.M. (CCH) 1031; October 6, 1992, Filed *619 Decision will be entered under Rule 155. For Eugen D. Georgescu, pro se. For Respondent: Jonathan J. Ono
KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar year 1987, respondent determined a deficiency of income tax against petitioner in the amount of $ 24,194 together with additions to tax under section 6653(a)(1)(A) [1] in the amount of $ 1,209.70; under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ 24,194; and under section 6661 in the amount of $ 6,048.50. All such determinations of respondent were contested in the petition filed herein. In addition, petitioner amended his petition so as to raise two issues not encompassed by respondent's statutory notice of deficiency. As the result of negotiations between the parties prior to trial, the additional issues raised by petitioner's amended petition were settled, as well as certain of respondent's other adjustments, and respondent on brief conceded that the determined addition to tax under section 6661 should be withdrawn. As a result, the remaining issues which the Court must decide are: (1) Whether petitioner is entitled to a miscellaneous itemized deduction for unreimbursed employee *620 business expenses, mainly related to automobile use, in the amount of $ 4,803; (2) whether petitioner is entitled to a miscellaneous itemized deduction in 1987 for job-seeking expenses in the amount of $ 3,622; and (3) whether petitioner is liable for additions to tax under section 6653(a)(1)(A) and (B). At the time of filing his petition herein, petitioner was a resident of Hawaii. Petitioner worked for Bechtel Construction, Inc. (Bechtel), from January 1, 1987, to March 13, 1987. He worked for Earth Technology Corp. (Earth) from March 16, 1987, to the end of that year. From January 1, 1987, to the end of June, petitioner resided in Phoenix, Arizona, and for part of that time he worked for Earth as well as Bechtel. He was then transferred by his employer Earth to California. Petitioner moved to El Toro, California, *621 which was approximately 5 to 10 miles from his employer's office at Laguna Hills, California. Thereafter in 1987, petitioner was transferred to the San Bernardino office of Earth which was approximately 70 miles from El Toro. On his 1987 income tax return, petitioner gave his residence for 1987 as Van Nuys, California. Petitioner's claimed employee business expenses are for $ 4,675 in vehicle expenses -- the parties have stipulated that the actual expense incurred was $ 1,907.01 -- and $ 160 in meal and entertainment expenses, which petitioner claims he incurred during his employment with Earth in 1987. In the first place, we may disregard the claimed $ 160 for meal expenses, since there is no evidentiary support at all for the proposition that these expenses were either incurred in fact, or, if incurred, were for business reasons which would be allowable under section 162. With respect to the automobile expenses, the same problems exist. Section 162(a)(2) allows a deduction for travel expenses "while away from home in the pursuit of a trade or business." The rationale is to allow a taxpayer relief from the additional or duplicate expenses incurred while away from home on business. *622 Brandl v. Commissioner, 513 F.2d 697, 699 (6th Cir. 1975), affg. T.C. Memo. 1974-160. Before such expenses can be allowed, however, it must be shown that they were incurred while the taxpayer was away from home. Commissioner v. Flowers, 326 U.S. 465 (1946). In the context of section 162(a)(2), "home" means the taxpayer's principal place of business or employment. Michaels v. Commissioner, 53 T.C. 269, 273 (1969). If a taxpayer elects, for his own reasons, to live far from his place of employment, the expenses of driving to and from work are nondeductible personal expenses. Sec. 262. The law does not require or expect a taxpayer to move his residence to a temporary work location. Tucker v. Commissioner, 55 T.C. 783 (1971). However, if temporary employment becomes employment of substantial or indefinite duration, the situs of such employment becomes the taxpayer's "tax home" for purposes of the law, and the commuting expenses incurred therefor are not deductible. Commissioner v. Peurifoy, 254 F.2d 483 (4th Cir. 1957), *623 affd. 358 U.S. 59 (1958). Other things aside, it would be necessary for petitioner here to show that his employment expenses were incurred while away from home on temporary employment, and the record here will simply not support such a finding or holding. It is clear that petitioner moved from Phoenix, Arizona, to the southern California area in 1987 at about the middle of the year at the behest of his employer Earth. What is not proved, however, is that his employment with Earth was only temporary, rather than indefinite. [2]
Quite aside from this, there is the matter of records. Petitioner claimed to have submitted extensive records to the Internal Revenue Service, which the Service never returned to him as he had requested. The Service, on the other hand, claims that they do not have any further records of petitioner for the year 1987. This Court is in no *624 position to solve this problem. Aside from the other standards of proof which petitioner must meet, as we have noted above, on the matter of vehicle expenses, as here, the Code is specific that strict substantiation is necessary. Sec. 274(d). The keeping of such records is spelled out in great detail in the regulations. See sec. 1.274-5T(b) and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46025 (Nov. 6, 1985). No such admissible or convincing records were presented here, even assuming (which we do not) that the expenses were noncommuting in nature. So far as the claimed automobile expenses are concerned, we must simply uphold respondent's determination for failure of petitioner's proof. Petitioner has the burden of proof on the issues presented herein, Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Furthermore, as respondent correctly points out, the claimed deductions herein are a matter of legislative grace and taxpayers are required to satisfy the specific statutory requirements of the deductions they claim. Deputy v. du Pont, 308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). *625 During 1987, as noted, petitioner was employed successively by Bechtel and by Earth, as a soils technician. During the year 1987, the record, principally including petitioner's own testimony and documentary evidence of telephone bills and specific expenses, shows that petitioner incurred expenses in attempting to secure new employment in the same type of work. Petitioner's own testimony was vague, and the documentary evidence provided was exceedingly fragmentary and vague, which petitioner blames on the fact that he had previously submitted documentary evidence in the course of examination which the Internal Revenue Service had not returned to him. As in the issue previously discussed, we can only find facts and decide cases based upon evidence which is in this record. Job-seeking expenses in the same line of trade or business are deductible if substantiated, sec. 162(a); Cremona v. Commissioner, 58 T.C. 219 (1972). [3] We believe petitioner's testimony -- that he was a soils technician who was seeking other employment in that same area of work in 1987. The difficulty is in the proof. Mathematical exactness is not required. Where the evidence *626 gives a sufficient basis for the allowance of a deduction, and where the evidence satisfies the Court that a legitimate expenditure has taken place, the Court will do the best it can with the evidence before it. In Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), affg. in part and modifying and remanding in part 11 B.T.A. 743 (1928), the taxpayer at trial established that he had had considerable expenses of a deductible nature, but the proof was sketchy and inexact as to specific amounts. This Court (then known as the Board of Tax Appeals) refused to allow any amounts, on the grounds that the exact amounts could not be established. In reversing as to this item, the Second Circuit said, 39 F.2d at 543-544: Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. * * * The amount may be trivial and unsatisfactory, but there was basis for some allowance, and it was wrong to refuse any, * * *. It is not fatal that the result will *627 inevitably be speculative; many important decisions must be such. * * * Applying the above principles, the record herein shows that petitioner had long-distance telephone charges of $ 550.69 in 1987. The exhibits do not show which of these calls were for business purposes and which were personal, and petitioner's testimony is not illuminating; we accordingly discount this amount to $ 183.56 as being for job-seeking purposes. In addition, the record shows additional expenses of $ 66.15 for expenses such as professional publications, newspapers, and typing expenses. Adding this amount to the allowable telephone expenses shown above, we come out with a total of $ 249.71 which is allowable to petitioner for 1987 as deductible job-seeking expenses. It may well be that petitioner had more of this type of expense in 1987, but the proof in this record will not support any further allowance. The final matter *628 which we must consider is the correctness of respondent's action in imposing additions to tax for negligence against petitioner under the provisions of section 6653(a)(1)(A) and (B). The first provision mentioned above provides for an addition to tax of 5 percent of the deficiency if any part of the underpayment is due to negligence or disregard of rules or regulations. The second part imposes a further addition to tax in the form of 50 percent of the interest payable on the portion of the underpayment attributable to negligence. [4]
As to these determinations, the petitioner has the burden of proof to show that respondent was wrong. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972). We listened closely to the testimony of petitioner on the stand in this case, and we examined the documentation which he presented. For reasons which we have discussed, documentary proof concerning *629 the allowability of his deductions was sparse and for the most part failed to support his contentions. We are convinced, however, that petitioner did maintain records. His tax return, which he prepared himself, appears to have been done with care, and the documentation which he presented concerning his job seeking, although inadequate to prove the amounts which petitioner claimed, does demonstrate that petitioner took pains to maintain records of his activities. The fact that these records could not be produced at trial to substantiate petitioner's claims does not mean that they were not kept in the first instance; we believe they were. Accordingly, we are persuaded that the underpayment of tax which resulted in this case was not due to petitioner's negligence or disregard of rules or regulations, as section 6653(a) puts it. This being the case, respondent's determination of additions to tax against petitioner for negligence is in error, and is disapproved. To give effect to the above, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Petitioner's employment agreement with Earth, which is in evidence, is silent as to any termination date for his employment.↩
3. Respondent now agrees with this. Rev. Rul. 75-120, 1975-1 C.B. 55↩.
4. As previously noted, respondent has withdrawn her determination of the addition to tax under sec. 6661.↩