OPINION Chiechi, Judge: Respondent determined the following deficiencies in, and fraud penalties under section 6663(a)[1] on, petitioners’ Federal income tax (tax): Year Deficiency Fraud penalty under sec. 6663(a) 1996 $64,905 $48,678.75 1997 83,512 62,634.00 1998 107,562 80,671.59 1999 149,880 112,410.00 The only issue remaining for decision is whether petitioners are entitled for each of their taxable years 1996 through 1999 to exclude from gross income under section 107 the amount that an organization exempt from tax under section 501(a) paid to petitioner Philip A. Driscoll during each of those years with respect to a second home that petitioners owned. We hold that they are. Background All of the facts in this case, which the parties submitted under Rule 122, have been stipulated by the parties and are so found. Petitioners resided in Georgia at the time they filed the petition in this case. During each of the years 1996 through 1999, petitioner Philip A. Driscoll (Mr. Driscoll) was an ordained minister who worked for Mighty Horn Ministries, Inc., later known as Phil Driscoll Ministries, Inc. (We shall refer to Mighty Horn Ministries, Inc., later known as Phil Driscoll Ministries, Inc., as the Ministries.) During each of those years, the Ministries was an organization described in section 501(c)(3) and exempt from tax under section 501(a). During each of the years 1996 through 1999, petitioners owned more than one residence or home; they owned a principal residence or home in Cleveland, Tennessee (Cleveland home), and a second residence or home at the Parksville Lake Summer Home area of the Cherokee National Forest in Lake Ocoee (lake second home), near Cleveland, Tennessee. Petitioners owned one lake second home from January 1996 through April 1998, which they sold in April 1998, and another lake second home from April 1998 through 1999.[2] During the years 1996 through 1999, petitioners used their Cleveland home solely as a residence and their lake second home solely as a residence. At no time during those years did petitioners use their Cleveland home or their lake second home for any commercial purposes, such as rental purposes. For each of the years at issue, the Ministries filed Form 990, Return of Organization Exempt From Income Tax, in which it claimed an amount described as “parsonage allowance” (Ministries parsonage allowance). That amount represented the total amount that the Ministries paid during each of those years with respect to petitioners’ Cleveland home and their lake second home for the acquisition and maintenance of those homes, including mortgage payments, utilities, furnishings, improvements, and maintenance, such as lawn care, painting, and repairs. In the tax return that petitioners filed for each of the years 1996 through 1999, they did not include the Ministries parsonage allowance in gross income. Respondent issued a notice of deficiency (notice) to petitioners for their taxable years 1996 through 1999. In that notice, respondent determined, inter, alia, that petitioners are not entitled for any of those years to exclude from gross income under section 107 the portion of the Ministries parsonage allowance that the Ministries paid during each of those years with respect to petitioners’ lake second home.[3] As a result, respondent further determined in the notice to include the following amounts in petitioners’ gross income for the years indicated: Portion of Ministries parsonage allowance with Year respect to lake second home $25,842.53 CD 05 05 70,707.50 I> 05 05 116,309.11 CO 05 05 195,778.52 05 05 05 Discussion Petitioners bear the burden of proving that the determinations in the notice that remain at issue are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). That the parties submitted this case fully stipulated does not change that burden or the effect of a failure of proof. See Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). We must decide an issue of first impression, namely, whether petitioners are entitled for each of the years at issue to exclude from gross income under section 107 the portion of the Ministries parsonage allowance that the Ministries paid to Mr. Driscoll during each of those years with respect to a second home of petitioners (i.e., their lake second home). Section 107 provides: SEC. 107. RENTAL VALUE OF PARSONAGES. In the case of a minister of the gospel, gross income does not include— (1) the rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home. In support of their position that they are entitled for each of the years at issue to exclude from gross income under section 107 the portion of the Ministries parsonage allowance with respect to their lake second home, petitioners argue: The only limitation expressed by Congress in section 107 was that amounts excluded from gross income under Section 107 be used to provide a property used as a dwelling place by the minister. Respondent has stipulated that the properties at issue (i.e., the second homes of petitioners) in each year in this case were so used, and that the amounts in issue were expended in connection with the acquisition and maintenance of those properties. Accordingly, there is no basis under the statute to require Petitioners to include the amounts related to the second homes in their gross income. In support of respondent’s position that petitioners are not entitled for each of the years at issue to exclude from gross income under section 107 the portion of the Ministries parsonage allowance with respect to their lake second home, respondent argues that section 107 allowed[4] a minister one parsonage allowance for a home. I.R.C. § 107 does not allow a minister a second parsonage allowance for any additional homes. * * * An exclusion from gross income first appeared in section 213(b)(ll) of the Revenue Act of 1921, ch. 136, 42 Stat. 239, for the “rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation”. As respondent concedes, the rationale for the exclusion from gross income in section 213(b)(11) of the Revenue Act of 1921 of the so-called parsonage allowance[5] is “obscure”.[6] The identical provision appeared in, inter alia, section 22(b)(8) of the Revenue Act of 1928, ch. 852, 45 Stat. 798, section 22(b)(6) of the Revenue Act of 1932, ch. 209, 47 Stat. 179, and section 22(b)(6) of the Internal Revenue Code of 1939, ch. 2, 53 Stat. 10. Congress reenacted as section 107(1) of the Internal Revenue Code of 1954 (1954 Code) the excludible parsonage allowance as it appeared in the tax law before Congress enacted that Code, except Congress changed the phrase “a dwelling house and appurtenances thereof” to the phrase “a home”. Internal Revenue Code of 1954, ch. 736, 68A Stat. 32. In changing the phrase “a dwelling house and appurtenances thereof” to the phrase “a home”, Congress did not intend any change in the law.[7] When Congress enacted the 1954 Code, it also expanded the excludible parsonage allowance in section 107(2) of that Code to include the payment of a “rental allowance paid to him [the minister] as part of his compensation, to the extent used by him to rent or provide a home.” Id. Congress expanded the excludible parsonage allowance in section 107(2) of the 1954 Code to remove “the discrimination in existing law by providing that the present exclusion is to apply to rental allowances paid to ministers to the extent used by them to rent or provide a home.” [8] H. Rept. 1337, 83d Cong., 2d Sess. 15 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 16 (1954). In expanding the excludible parsonage allowance in section 107(2) of the 1954 Code in order to exclude a rental allowance paid to a minister as part of his compensation, Congress wanted to ensure that the term “home” did not extend to a situation where a minister, in addition to a home, rents, purchases, or owns a farm or other business property. To accomplish that objective, Congress added at the end of section 107(2) the phrase “to the extent used by him to rent or provide a home.”[9] That phrase precludes the exclusion from gross income of any portion of a rental allowance paid to a minister that is expended in connection with a farm or other business property. See sec. 1.107-1(c), Income Tax Regs.[10] Respondent acknowledges that petitioners’ second residence in Lake Ocoee is a home of petitioners, albeit a second home.[11] Nonetheless, respondent argues that the Ministries parsonage allowance with respect to that home is not excludible under section 107. That is because, according to respondent, section 107, which uses the phrase “a home”, and its legislative history[12] and the regulations under section 107,[13] which also use the phrase “a home”, limit a minister’s excludable parsonage allowance to a single home and do not allow such an allowance for a second home such as petitioners’ lake second home. It is respondent’s view that, because section 107, its legislative history, and the regulations under section 107 “refer in the singular to ‘a home,’ rather than ‘homes’ in the plural”, a minister is entitled to have an excludible parsonage allowance for only one home.[14] We disagree. Respondent is substituting in section 107, its legislative history, and the regulations under section 107 the phrase “a single home” or the phrase “one home” for the phrase “a home” that appears in the statute and the other authorities on which respondent relies.[15] We find nothing in section 107, its legislative history, or the regulations under section 107, which, as respondent points out, all use the phrase “a home”, that allows, let alone requires, respondent, or us, to rewrite that phrase in section 107.[16] We are not persuaded by those authorities that Congress intended to allow, let alone did allow, in section 107 an excludible parsonage allowance only for a single home or one home of a minister.[17] Indeed, section 7701(m)(1) rejects respondent’s position that the phrase “a home” in section 107 means a “single home” or “one home”. Section 7701(m)(1) provides: SEC. 7701(m). Cross REFERENCES.— (1) Other definitions.— For other definitions, see the following sections of Title 1 of the United States Code: (1) Singular as including plural, section 1. Section 1 of Title 1 of the United States Code in turn provides: In determining the meaning of any Act of Congress, unless the context indicates otherwise— words importing the singular include and apply to several persons, parties, or things; * * * As pertinent here, section 107 requires only that amounts paid as part of a minister’s compensation be used to rent or provide a home, i.e., a dwelling house of the minister, in order to be excluded from the minister’s gross income. See sec. 107(2). In the present case, during each of the years at issue, the Ministries paid Mr. Driscoll as part of his compensation the Ministries parsonage allowance which he used to provide for himself a home or a dwelling house in Cleveland, Tennessee (i.e., petitioners’ Cleveland home), and a home or a dwelling house in Lake Ocoee (i.e., petitioners’ lake second home). Those facts satisfy the requirements in section 107(2) for the exclusion from gross income of the portion of the Ministries parsonage allowance with respect to petitioners’ lake second home.[18] We hold that the portion of the Ministries parsonage allowance that the Ministries paid to Mr. Driscoll as part of his compensation during each of the years at issue and that he used during each of those years to provide for himself a lake second home satisfies the requirements in section 107(2) that an allowance be paid to him as part of his compensation and be used to provide a home. Accordingly, we hold that petitioners are entitled for each of the taxable years at issue to exclude from gross income under section 107 the Ministries parsonage allowance with respect to their lake second home. We have considered all the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.[19] To reflect the foregoing and petitioners’ concessions in the stipulation of settled issues, Decision will be entered under Rule 155. Reviewed by the Court. Wells, Thornton, Holmes, and Paris, JJ., agree with this majority opinion. Morrison, J., concurs in the result only. Marvel, J., did not participate in the consideration of this opinion. Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners thus owned two second homes at different times during 1998. That fact is not material to our resolution of the issue presented. For convenience, we shall refer herein in the singular to a lake second home or petitioners’ lake second home even when discussing 1998. Respondent did not determine to include in gross income for any of petitioners’ taxable years 1996 through 1999 the portion of the Ministries parsonage allowance that the Ministries paid during each of those years with respect to petitioners’ Cleveland home. As a result, respondent did not determine to include the following amounts in petitioners’ gross income for the years indicated: Portion of Ministries parsonage allowance with Year respect to Cleveland home 1996.$78,469 1997. 42,708 1998. 71,704 1999. 87,254 Respondent uses the past tense in describing sec. 107 because, effective for taxable years after the taxable years at issue, Congress amended sec. 107(2) by limiting the rental allowance excludible under that section to an amount not exceeding the fair rental value of a home of a minister. Congress appears to have made that amendment in response to the Court’s holding in Warren v. Commissioner, 114 T.C. 343 (2000). See infra note 16. For convenience, we shall sometimes refer to the allowance that is, or was, excludible from gross income under sec. 107 and its predecessors as the excludible parsonage allowance. According to respondent, The Senate Committee Report does not mention the provision [sec. 213(b)(11) of the Revenue Act of 1921], and the House Conference Report indicates only that the House accepted the Senate version with an amendment making an unspecified “clerical change.” See S. Rep. No. 275 at 14 (1921); H.R. Conf. Rep. No. 486 at 23 (1921). One commentator has suggested that the in-kind exclusion grew out of “the general respect held by Congress and the public for churches,” as well as “Congress’s tendency to benefit favored entities.” * * * In 1921, there was no generally available exclusion for employer-provided housing, and a minister receiving housing from his current church clearly would not have been eligible for the deduction under Section 214(a) of the 1921 Revenue Act for traveling expenses, including lodging, “while away from home in the pursuit of a trade or business.” 42 Stat. at 239. When it enacted sec. 107, Congress stated in pertinent part: The word “home” as used in both paragraphs [sec. 107(1) and (2)] is not intended to change the law under section 22(b)(6) of the code [sic] of 1939 which used the term “dwelling house and appurtenances thereof.” H. Rept. 1337, 83d Cong., 2d Sess. A35 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 186 (1954). Congress described “the discrimination in existing law” as follows: Under present law, the rental value of a home furnished a minister of the gospel as a part of his salary is not included in his gross income. This is unfair to those ministers who are not furnished a parsonage, but who receive larger salaries (which are taxable) to compensate them for expenses they incur in supplying their own home. H. Rept. 1337, supra at 15; S. Rept. 1622, supra at 16. Congress explained the phrase “to the extent used by him to rent or provide a home” that it added at the end of sec. 107(2) as follows: The term “home” includes the case where furnishings are also included. It does not cover cases where a minister, in addition to the home, rents a farm or business property, except to the extent that the total rental paid can be allocated to the home itself and the necessary appurtenances thereto, such as a garage. H. Rept. 1337, supra at A35; S. Rept. 1662, supra at 186. Sec. 1.107-1(c), Income Tax Regs., provides in pertinent part: Where the minister rents, purchases, or owns a farm or other business property in addition to a home, the portion of the rental allowance expended in connection with the farm or business property shall not be excluded from his gross income. Respondent acknowledges throughout respondent’s briefs that petitioners’ residence in Lake Ocoee is a home of Mr. Driscoll, albeit a second home, since he had another home or residence, i.e., his principal home or residence, in Cleveland, Tennessee. For example, respondent asserts on brief: petitioners are not entitled to exclude from income on their federal income tax returns as a parsonage allowance amounts paid to or on behalf of Driscoll by Ministries for any second homes, ‘lake houses” on Lake Ocoee, during their taxable years 1996, 1997, 1998, and 1999 under I.R.C. § 107. * * * * * * * Under I.R.C. § 107, Driscoll, as an ordained minister, is not entitled to exclude from income as a parsonage allowance amounts paid by Ministries for his second homes, “lake houses,” on Lake Ocoee, during the petitioners’ taxable years 1996, 1997, 1998, and 1999. * * * * * * * * * * petitioners excluded from income as a parsonage allowance amounts paid to or on behalf of Driscoll for second homes, “lake houses” on Lake Ocoee, by Ministries * * *. Respondent, as do petitioners, uses the plural “second homes” on brief because petitioners owned two second homes at different times during 1998, one of the taxable years at issue. See supra note 2. See H. Rept. 1337, supra; S. Rept. 1622, supra. Respondent’s reliance to support respondent’s position as to the meaning of the phrase “a home” in sec. 107 on the legislative history of that section, which Congress made law when it enacted the 1954 Code, is puzzling. That is because (1) respondent concedes that the rationale for the original enactment of the excludible parsonage allowance in sec. 213(b)(ll) of the Revenue Act of 1921 is “obscure” and (2) Congress did not intend any change in the law when it changed the phrase “a dwelling house and appurtenances thereof” used in the tax law before the 1954 Code to the phrase “a home” used in that Code, see supra note 7. Sec. 1.107-1, Income Tax Regs., provides in pertinent part: Rental value of parsonages. — (a) In the case of a minister of the gospel, gross income does not include (1) the rental value of a home, including utilities, furnished to him as a part of his compensation, or (2) the rental allowance paid to him as part of his compensation to the extent such allowance is used by him to rent or otherwise provide a home. * * * (b) For purposes of section 107, the term “home” means a dwelling place (including furnishings) and the appurtenances thereto, such as a garage. The term “rental allowance” means an amount paid to a minister to rent or otherwise provide a home * * * (c) A rental allowance must be included in the minister’s gross income in the taxable year in which it is received, to the extent that such allowance is not used by him during such taxable year to rent or otherwise provide a home. Circumstances under which a rental allowance will be deemed to have been used to rent or provide a home will include cases in which the allowance is expended (1) for rent of a home, (2) for purchase of a home, and (3) for expenses directly related to providing a home. Expenses for food and servants are not considered for this purpose to be directly related to providing a home. Where the minister rents, purchases, or owns a farm or other business property in addition to a home, the portion of the rental allowance expended in connection with the farm or business property shall not be excluded from his gross income. On brief, respondent expressly abandons any argument that the phrase “a home” used in sec. 107 means “principal residence”. Respondent states: Petitioners mistakenly allege that respondent’s position is that “a home” as used in the statute [sec. 107] means “principal residence,” * * * Respondent has not defined home as used in I.R.C. § 107 as specifically the home which constitutes a principal residence under other Code sections nor has he ever made such an argument. On brief, respondent also expressly abandons any argument that the phrase “away from home” in sec. 162(a) has any bearing on resolving the issue presented under sec. 107. Respondent states: Petitioners then quote from Brandl v. Commissioner, 513 F.2d 697, 699 (6th Cir. 1975) “because of the almost infinite variety of factual situations involved, the courts have not formulated a concrete definition of the term lióme’ capable of universal application.” This case [Brandi v. Commissioner] is inapposite to the facts herein because it involves the meaning of “tax home” under I.R.C. § 162 for purposes of deducting traveling expenses, such as meals and lodging by salesmen who travel and stay overnight from their “tax home” which can be their principal place of business in some situations. On brief, respondent also asserts: Respondent maintains that the legislative history and regulations allow a minister to exclude from income the payments from a religious organization for the home — the dwelling place— where the minister lives. In the case of the petitioners, they may own and visit recreational lake houses or other houses, but their home where they live is 345 Davis Trail NW, Cleveland, TN. [petitioners’ Cleveland home]. Respondent’s assertion that petitioners “may own and visit * ‘ * [their second residence in Lake Ocoee], but their home where they live is” their principal residence in Cleveland, Tennessee, flies in the face of not only respondent’s acknowledgment throughout respondent’s briefs that petitioners’ second residence in Lake Ocoee is their second home, see supra note 11, but also the parties’ stipulations of fact. Respondent and petitioners stipulated (1) that petitioners owned a residence in Cleveland, Tennessee, which was petitioners’ principal residence, and a residence in Lake Ocoee, which was petitioners’ second residence, and (2) that “Each of these properties was used solely as a personal residence”. The term “residence” is defined in Webster’s Third New International Dictionary (Unabridged) 1931 (2002) to include: 1 a: the act or fact of abiding or dwelling in a place for some time: an act of making one’s home in a place * * * b: the act or fact of living or regularly staying at or in some place either in or as a qualification for the discharge of a duty or the enjoyment of a benefit * * * 2 a (1): the place where one actually lives or has his home as distinguished from his technical domicile (2): a temporary or permanent dwelling place, abode, or habitation to which one intends to return as distinguished from a place of temporary sojourn or transient visit (3): a domiciliary place of abode * * * 4 a: a building used as a home: DWELLING * * * Thus, respondent and petitioners stipulated that each of petitioners’ residences (i.e., their principal residence and their second residence) was a, albeit not the only, “dwelling place — where the minister [Mr. Driscoll] live[d].” In support of respondent’s position as to the meaning of the phrase “a home” in sec. 107, respondent also relies on the “rule that exclusions from gross income under I.R.C. § 61(a) are narrowly construed in favor of taxation.” Respondent therefore asserts that “ ‘a home’ should be narrowly construed in favor of taxation and treated as singular”. The rule on which respondent relies does not necessarily or automatically require holding against a taxpayer who claims an exclusion from gross income. For example, in Warren v. Commissioner, 114 T.C. 343 (2000), a Court-reviewed opinion, members of the Court disagreed over the meaning of the phrase “rental allowance” in sec. 107(2) where the parsonage allowance that was provided to a minister as most or all of his compensation and that he used to provide a home was more than the “fair market rental value” of the home. Nonetheless, the Court did not invoke the rule on which respondent relies (i.e., “exclusions from gross income * * * are narrowly construed in favor of taxation”) to hold against the taxpayers in Warren. Instead, the Court, with dissents, allowed the taxpayers to exclude from gross income under sec. 107(2) the parsonage allowance that the minister received and that he used to provide a home, even though that allowance exceeded the “fair market rental value” of the home. The rule on which respondent relies has no more application here than it did in Warren. Here, sec. 107 uses the phrase “a home”. Respondent wants to change that phrase to read “a single home” or “one home”. The rule on which respondent relies does not trump the language that Congress used in sec. 107. We have consistently required “unequivocal” evidence of legislative purpose before construing a section of the Code in a manner that would override the plain meaning of the words used in the section. See, e.g., Warren v. Commissioner, supra at 349; Zinniel v. Commissioner, 89 T.C. 357, 363-364 (1987). Respondent does not dispute that petitioners are entitled to exclude from gross income under sec. 107 the portion of the Ministries parsonage allowance with respect to their Cleveland home. See supra note 3. We shall address briefly respondent’s concern that holding for petitioners in the instant case will “open the door to an unlimited number of residential properties being treated as parsonages for one minister.” Respondent is speculating about cases that are not before us. We decline to do so. We have decided on the basis of the facts that the parties stipulated and the respective arguments that they advance only the issue presented to us in this case.